**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **NATIONAL AIR CARGO, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08-400C** |
| | ) | **(Judge Horn)** |
| **THE UNITED STATES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S SECOND UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT**

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of 29 days, to and including Friday, September 26, 2008, within which to submit our response to the complaint. Our response is currently due on Thursday, August 28, 2008. This is our second request for an enlargement of time for this purpose. Counsel for plaintiff, F. Whitten Peters, has represented that plaintiff, National Air Cargo, Inc. ("NAC"), does not oppose our request. Additionally, the parties request that the Court re-schedule a telephonic status conference that is currently set for Friday, September 5, 2008 until sometime after the Government submits its response to the complaint.

This request is necessary because the Government is still gathering the information needed to respond to the complaint. In the first count of its complaint, NAC alleges that the Government breached its contracts with NAC in the course of 10,109 shipments during the period from April 2005 - May 2008. Complaint ("Compl.") ¶¶ 34-39. That contract was allegedly formed by combining a "tender," which is an offer to ship cargo from one particular place to another for a particular price, coupled with a bill of lading, which is the Government's

acceptance of that offer. Compl. ¶¶ 12-16. NAC alleges that it was damaged by having to move those 10,109 shipments for the Government at "blended rates" that were based upon NAC's assumption that it could move freight in a "mode-neutral manner." Compl.¶ 32. However, NAC did not specifically identify or provide a copy of any particular tender or any of the bills of lading at issue even though RCFC 9(h)(3) provides that a claim founded upon a contract with the United States "shall plead the substance of those portions of the contract or treaty on which plaintiff relies or shall annex to the complaint a copy of the contract or treaty, indicating the provisions thereof on which the plaintiff relies." RCFC 9(h)(3). Further, disputes such as this one have special pleading requirements.[1] See RCFC App. I, Rule 1(a) (Appendix I applies to "every suit filed by a carrier for recovery of freight and/or transportation charges"); see also Rule 1(a)(5) (No later than 30 days after the complaint is filed, the carrier is required to submit, with a request for admission regarding the genuineness of the document, "any contracts, letter or other documents" that are required by subdivisions 7 and 8.). NAC has not complied with the requirements of Appendix I, either.

Unfortunately, the Government's access to the bills of lading is not a simple matter. The Government's copies of the bills of lading are stored at numerous sites throughout the country. Although there may be better methods for retrieval of that information electronically, the Government is currently exploring how that might be done. In an effort to obtain the necessary information in an economical and timely manner, counsel for the Government and counsel for NAC have discussed how NAC may help the Government to obtain the needed information.

---

[1] Because NAC is an "air freight forwarder," counsel for NAC does not agree that the requirements of Appendix I apply in this matter.

However, additional time is required so that the parties can devise a workable method for doing so. Additionally, Government counsel has learned there are two other matters, a criminal matter in the Western District of New York and a debarment proceeding involving the NAC's management, that involves some of the same issues raised in this matter. Government counsel has not yet received all of the information related to those two proceedings which may prove useful to writing the Government's response to the complaint.

For these reasons, we respectfully request that the Court grant our motion for an enlargement of time and cancel the telephonic status conference currently scheduled on September 5, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/Russell A. Shultis
RUSSELL A. SHULTIS
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7571
Fax: (202) 307-2503

August 28, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 28th day of August 2008, a copy of foregoing "DEFENDANT'S SECOND UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Russell A. Shultis